In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-01040-CR

____________


CHARLES ALLEN STEWART, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court 

Harris County, Texas

Trial Court Cause Nos. 1190312






MEMORANDUM OPINION

 Appellant, Charles Allen Stewart, pleaded guilty to the offense of
credit/debit card abuse, and, in accordance with a plea agreement with the State, the
trial court assessed punishment at 9 months' confinement. We dismiss for want of
jurisdiction.

 Along with the plea, appellant, appellant's counsel, and the State signed a
stipulation of evidence which included, among others, the following statements: "I
intend to enter a plea of guilty and the prosecutor will recommend that my
punishment should be set at 9 months State Jail and I agree to that recommendation. 
I waive any further time to prepare for trial to which I or my attorney may be entitled. 
Further, I waive any right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Despite waiving his right to
appeal the appellant filed a pro se notice of appeal and requested the appointment of
counsel. This appeal followed. 

 Appellant's counsel on appeal has filed a brief stating that the appeal is
without merit and is frivolous, and that the appeal must be dismissed. See Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, (1967). The brief meets the requirements of
Anders by presenting a professional evaluation of the record and detailing why the
appeal should be dismissed. Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573
S.W.2d 807, 810 (Tex. Crim. App.1978). Counsel represents that she has served a
copy of the brief on appellant. Counsel also advised appellant of his right to examine
the appellate record and file a pro se brief. See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991). More than 30 days have passed, and appellant has not
filed a pro se brief. 

 Having reviewed the record and counsel's brief, we agree that the appeal
is frivolous and without merit. See Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex.
Crim. App. 2005). We have reviewed the record for this appeal and the record is
clear that the sentence in this case was the result of a plea bargain and appellant has
no right of appeal. See Tex. R. App. P. 25.2(b). As such, the certification of the right
of appeal filed by the trial court is supported by the record and that appellant has no
right of appeal due to the agreed plea bargain. Id. Accordingly, we dismiss the
appeal "without further action." Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim.
App. 2006).

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Massengale

Do not publish. Tex. R. App. P. 47.2(b)